UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **O.B. DAVIS, JR.** | : | **DOCKET NO. 2:19-cv-01107** |
| **D.O.C. # 106316** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **JOHNNY SUMLIN** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by O.B. Davis, Jr., who is proceeding pro se in this matter. Davis is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED and DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

By this proceeding, Davis attacks his 2013 conviction for forcible rape and the subsequent twenty-year sentence imposed by the Thirty-First Judicial District Court for Jefferson Davis Parish, Louisiana. Davis did not appeal his conviction. On July 20, 2016, after discovering new evidence in the form of a letter from a witness recanting her story, petitioner filed an application for post-conviction relief in the trial court. Doc. 1, att. 3, pp. 2-7. An evidentiary hearing was held

on November 4, 2016, at which time his application was denied. *See* excerpts from transcript, doc. 1, att. 3, pp. 33-26. On June 1, 2017, Davis sought writs in the Third Circuit Court of Appeal. On May 17, 2018, the Third Circuit denied his application as deficient for failing to comply with La. Code Crim. P. art. 912.1(C), Uniform Rules- Courts of Appeal, Rule 4-5, Third Circuit Internal Rule 16, and *City of Baton Rouge v. Plain*, 433 So.2d 710 (La.), *cert denied*, 464 U.S. 896, 104 S.Ct. 246 (1983). Davis filed an application for supervisory writ of review in the Louisiana Supreme Court (doc. 1, att. 3, pp. 12-24), which was denied in accordance with the appellate court's denial on technical grounds on May 6, 2019 (*id*. at pp. 26-27).

Davis filed the instant petition on August 22, 2019, raising one claim: "whether the Constitutional requirement of due process is satisfied where a conviction obtained by the presentation of testimony to the prosecution is found to be false." Doc. 1, att. 2, p. 4.

Davis previously sought federal habeas relief in this court for the same conviction and sentence through a petition filed in this court under 28 U.S.C. § 2254 on April 26, 2016, and dismissed on June 21, 2106. *See Davis v. State of Louisiana*, No. 2:15-cv-02915 (W.D. La., Dec. 30, 2015). He filed a second petition on the form used for seeking habeas relief in this court on October 21, 2015. *Davis v. State of Louisiana*, No. 2:15-cv-02563 (W.D. La., Oct. 21, 2015). Finding that the habeas petition was one "in name only," and, instead actually a request for production of documents, this court recommended denial of petitioner's request for production of documents for failure to show good cause, and any request for relief pursuant to § 2254 petition as untimely. *Id*. at doc. 9.

## II.
## LAW & APPLICATION

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Successive Petition*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, prohibits repeated and abusive challenges to the same conviction. Accordingly, the following restrictions are placed on "second or successive" habeas petitions:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b). A petitioner cannot proceed in the district court with a second or successive habeas petition unless he first obtains an order from the appropriate court of appeals, authorizing the district court to consider the petition based on the determination of a three-judge panel that the petitioner has made prima facie showing that his petition satisfies the above requirements. *Id.* at § 2244(b)(3).

Davis seeks to file a third and successive petition in this court pursuant to 28 § U.S.C. 2244(b)(2)(B), bringing new evidence to the court that purports to establish his innocence. However, the undersigned finds that the new evidence, a letter from the State's witness, whose original testimony was the "linchpin" of the prosecution's case (doc. 1, att. 2, p. 6), does not establish clear and convincing evidence that, but for the new evidence, no reasonable factfinder would have found Davis guilty.

Davis admits that he pled no contest to the charge of forcible rape. Doc. 1, att. 2, p.7. Nonetheless, he now asserts his innocence. In support of this claim, he relies solely on a letter written by Ms. Krystal Mallett, whose original statement was filed as an exhibit in conjunction with the factual basis for Davis' plea. In this notarized letter, dated April 28, 2016, Ms. Mallett states, in pertinent part:

> I'm sorry I was apart (sic) of the reason an innocent man is locked away serving time for something he did not do. After all these years this lil girl 'Tamarian Pete' had me convinced you did some crazy unbelievable things to her, until yesterday I ran into that lil winch…she told me she was sorry she lied about the O.B. story.

Doc. 1, att. 3, pp. 33-36.

The Fifth Circuit has long viewed recanting affidavits with suspicion. *Summers v. Dretke*, 431 F.3d 861, 872 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 353 (2006); *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir.), *cert. denied*, 117 S. Ct. 519 (1996); *May v. Collins*, 955 F.2d 299, 314 (5th

Cir.), *cert. denied*, 112 S. Ct. 1925 (1992). A convicted criminal defendant, such as Davis, must do more than furnish recanting statements from a witness who has given contradictory statements in the past when there exists other evidence tending to corroborate the trial testimony. *See Graves v. Cockrell*, 351 F.3d 143, 153 (5th Cir. 2003) ("Graves cannot meet this burden with the recanted testimony of Carter, given the numerous contradictory statements Carter has made and other evidence of Graves' guilt."); *May*, 955 F.2d at 314 ("In this Circuit, a federal judge, faced with a motion for a new trial predicated upon the contention that a witness has provided a recanting affidavit, must compare the trial record with the affidavit of recantation and determine for himself whether the affidavit is worthy of belief."). While there was no trial in this matter, Ms. Mallett's original sworn statements were entered into evidence at the time Davis pled no contest to the criminal charges.

Adding greater skepticism to the validity of the present recantation is the fact that Ms. Mallet recanted the recantation at the November 4, 2016 evidentiary hearing on Davis' application for post-conviction relief. When questioned about the letter Ms. Mallet testified she was intoxicated at the time the letter was written and that "someone" convinced her to write it.[1] Doc. 1, att. 3, p. 29-30. When asked how she was forced, against her will to write the letter, she stated, "I wasn't forced to write it. He convinced me into writing it." *Id*. at lines 22-23. "Because I was high. Have you ever- have you ever been an addict? You do things whenever you're an addict that you wouldn't do when you're sober, you know." *Id*. at lines 27-29. Ms. Mallett emphatically stated that, "Everything in the letter was a lie." *Id*. at line 5.

---

[1] Davis does not include a complete copy of the transcript of the evidentiary hearing, so the court is unable to ascertain with certainty the identity of the person who convinced Ms. Mallett to write the letter. However, his identity is of no importance to the court's analysis.

Transferring this matter to the Fifth Circuit to seek authorization for Davis to file a third and successive petition would be futile. Dismissal is appropriate insofar as the complaint fails to satisfy the materiality prong of 28 U.S.C. § 2244(b)(2)(B)(ii). *See In re Young*, 789 F.3d 518 (5th Cir. 2015). Insofar as we find that the sworn letter from Krystal Mallett does not satisfy the requirements of 28 § U.S.C. 2244(b)(2)(B) and, as such, this petition should be denied.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED and DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth

-7-

arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 25th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE